THERESA E. DALY & another *vs.* NELLIE A. F. FARRELL.

Suffolk.    March 26, 1925. — May 22, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Trust,* Validity, Revocation.

Where the owner of real estate has conveyed it in trust for the benefit of certain persons by a deed containing no reservation of a right of revocation and not on its face indicating a purpose to evade the testamentary laws of the Commonwealth, a subsequent "disaffirmance" of the deed without the consent of the beneficiaries is ineffective.

In a suit in equity against a trustee to enforce a trust created by the deed above described, the defendant contended that the deed was ineffective because procured by misrepresentation and fraud, and the judge who heard the case decided the material questions of fact against the defendant. The evidence was reported. A final decree for the plaintiff was entered. *Held,* that the findings by the judge were warranted and that the decree must be affirmed.

BILL IN EQUITY, filed in the Superior Court on November 8, 1923, seeking an accounting and conveyance in accordance with the provisions of the trust deed described in the opinion.

In her answer, the defendant alleged "that the deed was procured by one Joseph B. Moran through misrepresentation, and that the said Ellen Farrell afterwards disaffirmed the transfer . . . that the said Ellen Farrell disaffirmed the trust deed of August, 1905, and in April, 1912, said Ellen Farrell duly executed a will, bequeathing one thousand dollars to the Complainant, Theresa Daly, and all the rest and residue of her estate to the Respondent, Nellie A. F. Farrell."

The suit was heard by *Morton*, J., a commissioner having been appointed under Equity Rule 35 to take the evidence. Material evidence before the judge is described in the opinion. By his order a final decree directing conveyance to the plaintiffs of property in Boston in accordance with the deed was entered. The defendant appealed.

*J. J. Donahue*, for the defendant.

No argument nor brief for the plaintiff.

SANDERSON, J. Ellen Farrell, the mother of the plaintiffs and defendant, executed a deed dated August 14, 1905, conveying to the defendant, as trustee, two parcels of land, one in Cambridge and one in Boston. The terms of the trust as stated in the deed were, in part, to pay to Ellen Farrell during her life the net rents and profits and at her death to convey two fifths of the estate to the defendant, two fifths to the plaintiff Theresa E. Daly, and one fifth to the plaintiff Anna M. Moran; with a provision that $300 should be paid out of the estate to her son John P. Farrell, and $1 to her son James F. Farrell. The grantee was given a power of sale and in October, 1910, sold the Cambridge real estate. It appeared that in 1912 the grantor executed and caused to be recorded in the registry of deeds a paper purporting to revoke the deed of trust to the defendant, and stating that the deed was made to evade the law as to wills. At about the same time she made a will, and she died February 2, 1923.

The plaintiffs bring this bill to compel the defendant to convey to them their respective interests in the remaining

real estate, in accordance with the terms of the deed of trust. The defendant alleges in her answer that the deed to her was procured by the misrepresentation of Joseph B. Moran, and that it was afterwards disaffirmed by Ellen Farrell. The judge who heard the case found that there were no misrepresentations made, but that on the contrary the grantor executed the deed in full knowledge and understanding of its contents and that the deed carried out her express intention to protect herself and her daughters from a possible undue generosity on her part to a son; that the deed does not on its face indicate a purpose to evade the testamentary laws of the State, as claimed by the mother in her written disaffirmation, and was not so intended by her; and that the "disaffirmance" without the consent of the beneficiaries, which was not given, was ineffective and the defendant must account for such of the real estate conveyed to her, as was claimed by the plaintiff at the hearing.

A final decree was entered requiring the defendant to execute and deliver to the plaintiffs deeds in accordance with the provisions of the trust deed. The material questions of fact have been decided against the defendant's contention, upon evidence admitted without objection. The deed to the trustee established a valid trust and there was no power of revocation reserved.

*Decree affirmed with costs.*