HERSCHEL J. JAMES *vs.* WILLIAM R. JAMES & another.

Suffolk.    March 17, 1927. — May 21, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Trust*, Amendment of trust instrument, Appointment of trustee.  *Probate Court*, Jurisdiction, Parties.  *Evidence*, Presumptions and burden of proof.  *Attorney at Law.*

A voluntary and fully executed agreement and declaration of trust, which contains no provision reserving a power to amend the instrument, cannot be revoked or amended except by an agreement by all parties interested therein.

A corporation with a place of business in Boston, to secure an issue of bonds, executed a declaration of trust which provided that, in case of resignation, removal or incapacity of the trustee for any reason, "the Company shall have the right . . . to nominate and appoint a successor to the Trustee . . . but any vacancy of more than thirty . . . days' standing may be filled by any Court having jurisdiction upon application of any person interested."  A trustee resigned in· 1925. The corporation requested a certain trust company to accept appointment as trustee in succession, but it declined unless it were appointed by some court.  A year later a resident of another State, who was interested in the trust, filed a petition in the Probate Court for the county of Suffolk for the appointment of the trust company as trustee. Subscribed to the petition was what purported to be the signature of the corporation, described as a party interested, "by . . . [a certain person], Clerk and Atty."  The petition was granted.  *Held*, that

(1) The corporation was a party interested, had its place of business in Suffolk County,ʼ and was a petitioner in the sense that it joined in the request that the prayer of the petition be granted;

(2) In the absence of any evidence to the contrary, the attorney was presumed to have authority to do in behalf of his client all acts, in or out of court, necessary or incidental to the prosecution and management of the suit, and which affected the remedy only;

(3) The Probate Court had jurisdiction of the petition under G. L. c. 203, § 5; c. 215, §§ 6, 8.

PETITION, filed in the Probate Court for the county of Suffolk on November 16, 1926, for the appointment of Newton Trust Company as trustee under a deed of trust in succession to Hamlin Bank and Trust Company, which resigned in 1925.

The petition was heard by *Dolan*, J.    Material facts found

by him are stated in the opinion. By order of the judge, a decree was entered appointing Newton Trust Company trustee. William R. James and Eben H. James appealed.

*C. M. Cram*, for the respondents W. R. and E. H. James, submitted a brief.

*A. M. Beale*, for Columbia Securities Company, submitted a brief.

*C. W. Blood*, for the petitioner.

SANDERSON, J. The Columbia Securities Company, a Massachusetts corporation having a place of business in Boston, executed a deed of trust in 1911, with the Commonwealth Trust Company as trustee, to secure an issue of bonds. Later the Hamlin Bank and Trust Company of Pennsylvania succeeded to the trusteeship, which it resigned in 1925. In 1917 an attempt was made to amend the trust deed by an instrument in writing called a memorandum of agreement. At a later time, certain men, claiming to be directors of that company, elected one Mitchell trustee in place of the Hamlin Bank and Trust Company. On September 10, 1926, at a meeting of stockholders of the Columbia Securities Company, votes were passed purporting to elect officers, repudiate the action of the former directors in ratifying the memorandum of agreement and the action of the alleged board of directors in electing Mitchell as trustee, and also to divest Mitchell of any claim, power or authority as trustee; it also was voted that the Newton Trust Company be trustee, but this company refused to accept the trust unless appointed by some court. This appointment was not confirmed by the board of directors. A question was raised as to the validity of the votes taken at this meeting, based on the contention that the holder of a part of the stock necessary to make a quorum was not entitled to vote. At an adjourned meeting, regularly held on November 16, 1926, the validity of which is in no way questioned, it was voted to confirm the elections which had taken place on September 10, 1926, and to approve the action of the corporation in removing Mitchell.

The Columbia Securities Company took no further action to fill any vacancy in the trusteeship, and this petition was

filed in the Probate Court November 16, 1926, by a holder of bonds secured by the indenture, resident in Pennsylvania, asking for the appointment of the Newton Trust Company as trustee. The signature "Columbia Securities Company by A. M. Beale, Clerk and Atty." as a party interested, was subscribed to the petition with the request that its prayer be granted. A citation was issued on the petition, and two bondholders appeared in opposition. The judge of probate, after hearing, entered a decree appointing the Newton Trust Company trustee, reciting that it appeared that the trustee appointed under the trust instrument had been removed and no new trustee had been elected in accordance with the provisions made therein for filling the vacancy. He also made a report of material facts in which he stated that "Without reference to whether Mr. Mitchell was legally chosen as Trustee, on all the evidence I rule that if he was so legally chosen, he has been legally removed."

By the terms of the deed, the trustee must be a trust company; and no provision is reserved for its amendment. The memorandum of agreement made in 1917 provided, among other things, that in filling a vacancy a succeeding trustee might be "a natural person who is sui juris, or a trust company." This memorandum was signed by all the bondholders and by the president and secretary of the Columbia Securities Company, but was not signed by all its directors nor by the trustee, and was not under seal. No vote of the Columbia Securities Company was taken with relation to this memorandum of agreement until more than seven years after its date, when, on February 28, 1925, its directors voted to ratify the same. The agreement was not signed by D. M. James who, although not having a legal title to any of the bonds, had a beneficial interest in some of them and had a contract with three of his brothers and the Columbia Securities Company entitling him to the delivery of bonds to the amount of $6,000 upon his turning over to that company the balance of stock held by him in certain underlying corporations which he was bound to turn over under the original agreement forming the Columbia Securities Company.

The first question to be decided is, Whether the memorandum of agreement operated to amend the trust instrument. It is settled in this Commonwealth that a "voluntary and fully executed settlement cannot be revoked or altered in the absence of any provision in the instrument reserving such power." *Coolidge* v. *Loring*, 235 Mass. 220, 223. *Sewall* v. *Roberts*, 115 Mass. 262. *Keyes* v. *Carleton*, 141 Mass. 45, 49. *Sands* v. *Old Colony Trust Co.* 195 Mass. 575. *Thorp* v. *Lund*, 227 Mass. 474, 476. *Daly* v. *Farrell*, 252 Mass. 569, 571. Upon the facts found, the proposed amendment was not assented to by all parties interested in the trust and never became effective to modify or change the terms of the trust instrument as to the appointment of a trustee. It follows that, inasmuch as no individual could be appointed trustee, the election of Mitchell was a nullity and a vacancy existed from the time the trustee resigned in 1925.

The conclusion here reached makes it unnecessary to consider whether the directors who elected Mitchell had authority to act, or whether, if he had been legally elected, he had been removed more than thirty days before the petition in this case was filed.

The remaining question is, Did the Probate Court have jurisdiction to appoint a trustee? The trust instrument provides that in case of resignation, removal or incapacity of the trustee for any reason "the Company shall have the right . . . to nominate and appoint a successor to the Trustee . . . but any vacancy of more than thirty (30) days' standing may be filled by any Court having jurisdiction upon application of any person interested." G. L. c. 215, § 6, gives probate courts concurrent jurisdiction of all cases and matters relative to trusts created by written instruments; and by § 8, this jurisdiction is given to the Probate Court of any county where any party interested in the trust resides. G. L. c. 203, § 5, provides: "If a trustee under a written instrument declines, resigns, dies or is removed before the objects of the trust are accomplished and no adequate provision for filling the vacancy is made therein . . . the Probate Court shall, after notice to all

persons interested, appoint a new trustee." The appellants contend that there is no proper petitioning party. The petitioner is a party interested in the trust but is a non-resident. The Columbia Securities Company is a party interested, has its place of business in Suffolk County, and is a petitioner in the sense that it joins in the request that the prayer of the petition be granted. It is urged, however, that the assent of that company by "A. M. Beale, Clerk and Atty." is not an assent by a proper officer representing that corporation; and that, although as attorney he might represent the corporation, his assent does not make the company a party to the petition and, to be valid, some authorized official of the company should assent.

The jurisdiction of the Probate Court of Suffolk County under G. L. c. 215, § 8, depends upon the residence in that county of a party interested in the trust. It is not necessary that the party residing in Suffolk County be the petitioner. The Columbia Securities Company became a party to the proceeding by the action of its attorney. In the absence of anything to the contrary, an attorney is presumed to have authority to do in behalf of his client "all acts, in or out of court, necessary or incidental to the prosecution and management of the suit, and which affect the remedy only." *Moulton* v. *Bowker,* 115 Mass. 36, 40. *Steffe* v. *Old Colony Railroad,* 156 Mass. 262. *DeMontague* v. *Bacharach,* 187 Mass. 128. See Probate Rule 3.

The appellants further contend that the court is without jurisdiction to appoint a trustee because adequate provision for filling a vacancy is contained in the trust deed, which provides for such appointment by the Columbia Securities Company. The paragraph giving the corporation the right to appoint a trustee does not require it to act in the matter or provide that parties interested in the trust may bring proceedings to compel it to make an appointment but if the company does not take action in the matter within thirty days, any such party is given the right to institute proceedings in court to have a trustee appointed. Also, it is apparent from the findings that the corporation was unable to obtain acceptance of the office by its designated

trustee without an appointment by the court. In these circumstances, the provision made for the appointment of a trustee by the Columbia Securities Company was inadequate in not fully meeting the reasonable requirements of parties interested in the trust, and the Probate Court of Suffolk County had jurisdiction to act in the matter.

All questions argued by the appellants have been considered. The decree should be modified by adding in the recital after the word "removed" the words "or resigned," and as so modified it is affirmed.

*Ordered accordingly.*