ESTATE OF EDWARD P. HUGHES, HELEN H. ROONEY, ADMINISTRATRIX, C. T. A., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8139. Promulgated December 16, 1946.

*Osborne A. McKegney, Esq.*, for the petitioner.
*Martin M. Lore, Esq.*, for the respondent.

OPINION.

Leech, *Judge*: Petitioner contends that, since the trust instrument made no provision for reversion of the property in the event the decedent outlived all of the remaindermen, the resulting extremely remote possibility of reverter existed only by operation of law and the value of the property, therefore, may not be included in decedent's estate.

Respondent points to the added fact that the grantor here has retained a life estate. He argues that, although the trust corpus may not be included in decedent's estate merely because of that fact, as the Joint Resolution of March 3, 1931, may not be retroactively applied (*Hassett* v. *Welch*, 303 U. S. 303), that fact may be considered, together with the existence of a possibility of reverter, to show the intent of the grantor that the remainder estate should not vest in possession or enjoyment until after his death. His theory is that the death of the grantor was the indispensable and intended event that passed the corpora from the dead to the living.

In *May* v. *Heiner*, 281 U. S. 238, it is held that nothing passes by reason of the death of the life tenant. Such event merely terminates the life estate. That is still the law. *Commissioner* v. *Hall's Estate*, 153 Fed. (2d) 172, affirming the memorandum opinion of this Court; *Estate of Edward E. Bradley*, 1 T. C. 518; affd., 140 Fed. (2d) 87. The theory of respondent is in direct conflict with that rule. We have already so held.

In the recent case of *Estate of George W. Hall*, 6 T. C. 933, in holding that the value of the corpus of the trust was not includible in decedent's estate under section 302 (c), we said:

As to the second point, the respondent argues that it must be emphasized that the retention of the income for life is an important factor to be considered in determining whether the shifting of the interest was complete as soon as the trust was created, citing *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, and that until the decedent died, and thereafter, the ultimate possession or enjoyment of the property was held in suspense to await the outcome of future contingencies, including the contingency that the corpus might be returned to the decedent or to his estate, citing *Fidelity-Philadelphia Trust Co. (Stinson Estate)* v. *Rothensies*, 324 U. S. 108. This we consider is no more than an indirect attack upon *May* v. *Heiner*, 281 U. S. 238. We disagree with the respondent upon this point. * * *

We do not have here a so-called "survivorship case" such as was presented in *Estate of John C. Duncan*, 6 T. C. 84. We think the situation here is ruled by our decisions in *Frances Biddle Trust*, 3 T. C. 832; *Estate of Harris Fahnestock*, 4 T. C. 1096; and *Estate of Mary B. Hunnewell*, 4 T. C. 1128. We are aware of the decision of the Second Circuit in *Commissioner* v. *Bayne's Estate*, 155 Fed. (2d) 475, which differs from our interpretation of the decisions of the Supreme Court in *Fidelity-Philadelphia Trust Co.* v. *Rothensies*, 324 U. S. 108, and *Commissioner* v. *Field*, 324 U. S. 113, and holds that those decisions require the inclusion in decedent's estate of the trust corpus where there exists a possibility of reverter, even if only by implication of law and irrespective of how remote such possibility may be. We adhere to our position as expressed in the *Biddle, Fahnestock,* and *Hunnewell* cases, *supra*. See also *Estate of George W. Hall, supra*.

We hold that respondent erred in including in decedent's estate the trust corpus here involved.

Reviewed by the Court.

*Decision will be entered for the petitioner.*