OPINION. Kern, Judge-. The question here before us for determination is whether the value at the date of death of the decedent’s community one-half interest in the properties embraced within the trust created by the decedent on July 8, 1929, is includible in the decedent’s gross estate under the provisions of section 811 (d) of the Internal Revenue Code. When respondent determined the deficiency herein he was contending that the transfer in trust was includible in the decedent’s gross estate under the provisions of section 811 (c) of the Internal Revenue Code. After this deficiency was determined, however, section 81.17 of Regulations 105 was amended by T. D. 5512 (C. B. 1946-1, p. 264). Respondent now, in effect, concedes that the transfer in trust is not includible in the decedent’s gross estate under section 811 (c), and has recently withdrawn any contention to that effect. Respondent’s present position on this point is, in our opinion, correct. See Estate of Edward P. Hughes, 7 T. C. 1348. There is left for our decision the question whether the transfer here involved comes within the ambit of subparagraph (2) of section 811 (d), which relates to transfers made on or before June 22, 1936. In so far as here material, section 811 (d) (2) requires that there shall be included in the determination of the gross estate of a decedent the value of all property previously transferred by the decedent, by trust or otherwise, the enjoyment of which remains at the time of his death subject to any change through the exercise of a power by the decedent to alter, amend, or revoke.[1] It is the respondent’s position that the decedent here had retained the power to alter or amend the trust agreement of July 8, 1920, and actually and expressly did so during his lifetime to the extent that the beneficial interests were thereby materially changed. The petitioners deny that the decedent had retained any such power under the specific provisions of the trust agreement and contend that the purported amendment of March 4, 1936, was void in so far as it undertook to change any beneficial interest or enjoyment of the original trust agreement. In the alternative, petitioners contend that that portion of the purported amendment of March 4, 1936, which recited that it undertook to amend section (a) of article first, was, if not void, merely declaratory of the original intent of the decedent as to the beneficial interests provided for in the trust agreement as originally executed. Petitioners also contend, in the alternative, that the amendment of March 4, 1936, if not void or if not merely declaratory as stated above, created definite beneficial interests which could not be subsequently changed in view of the express provisions of the original instrument. Article seventh of the trust agreement reserved to the decedent the power to modify, alter, or amend the agreement, but the power to change the beneficial interests arising out of the trust agreement was expressly denied him. What effect, then, shall be given to the various amendments to the trust agreement executed by the decedent ? The amendment of June 20, 1933, provided for the approval of the trustee’s accounts by the decedent and respondent admits in his brief that this was probably only an administrative change which did not materially affect the interests of the beneficiaries. The power to make such a'change would not be a power to change the enjoyment of the trust property within the meaning of the section. See Dort v. Helvering, 69 Fed. (2d) 836; certiorari denied, 293 U. S. 569, and Mellon v. Driscoll, 117 Fed. (2d) 477; certiorari denied, 313 U. S. 579. Similarly, the amendments of February 7, 1939, (whereby the decedent relinquished his right and responsibilities of directing the investments of the trust and vested them in his son) and December 1, 1939, (whereby the decedent authorized and directed the trustee to counsel with the three beneficiaries of the trust, if they should so desire, as to the trust investments) did not, in our opinion, affect the enjoyment of the trust properties. See Estate of Henry S. Downe, 2 T. C. 967, and Estate of George W. Hall, 6 T. C. 933. We therefore conclude that there is no merit in respondent’s argument that the placing by the decedent of the right to direct the investment policy of the trustee in the hands of others had the effect of changing the enjoyment of the'beneficiaries. This leaves üs with the problem of considering the effect to be given to the amendment of March 4, 1936. The parties have not referred us to any authorities determinative on this point, nor has our independent search brought any to light. Under the trust agreement as originally executed, each grandchild had the right to receive, during its life, the income from its share of the trust corpus, the right to receive one-third of its share of the principal upon reaching the age of thirty-five, and the right to appoint by will the persons to whom its share of the trust principal should be paid. The grandchild’s share of the principal could pass to the persons appointed by it only if the grandchild was survived by a spouse or by lineal descendants. However, the condition of survival by a spouse or lineal descendants being met, there was no limitation as to the persons whom the grandchild could appoint. The grandchild could appoint a creditor or even a stranger without coming in conflict with the trust provisions. The amendment of March 4, 1936, attempted to take away the power of appointment from each grandchild, leaving the grandchild only with the right to receive the income during its life and the right upon reaching the age of thirty-five to one-third of the principal. Clearly, each grandchild’s beneficial interest was materially changed by the amendment. In Schoellkopf v. Marine Trust Co., 267 N. Y. 358; 196 N. E. 288, 290, the term “beneficial interest” was defined as follows: “Any person who, under the terms of the instrument, has a right, whether present or future, whether vested or contingent, to income or principal of the trust fund, has a beneficial interest in the trust * * *. The test is one of substance, not of form. Any right to receive a benefit from the trust in some contingency is a ‘beneficial interest’ in the trust.” It is apparent, therefore, that by the 1936 amendment the decedent did attempt to change “beneficial interests” created by the original trust instrument, which attempt was beyond his reserved powers. In so far as this amendment sought to change any beneficial interests, it must be regarded as a nullity. This conclusion finds support in Guitar Trust Estate v. Commissioner, 72 Fed. (2d) 544, and Boyd v. United States, 34 Fed. (2d) 488. Although the facts of these cases are clearly distinguishable from those of the case at bar, none the less we believe that the rationale of these holdings is applicable here. In the Gmtar case the grantors, after having reserved no control over the trust in the original trust deed, later executed a supplementary deed which had the effect of making the income of the trust distributable annually to the beneficiaries, whereas the original deed provided for distributions at the discretion of the trustees. The court, in holding that the grantors could not change the distribution requirements of the original deed said, in part: “The original deed reserved no control over the trust in the grantors. After it took effect they had no right or interest same as fumed by the deed. * * * The supplemental deed of itself accomplished nothing unless to express a consent on the part of its signers to the annual distribution therein described * * *. So far as the present evidence shows, the trust continued to be one in which the income was distributable in the discretion of the trustees.” (Emphasis supplied.) In Boyd v. United States, supra, the court also dealt with a trust in which there was no power reserved to amend or revoke. The first valid trust provided for the settlor to receive certain fixed income for life. By subsequent amendment the settlor attempted to increase the income payable to him annually. The latter amendment was held to be a nullity. The Guitar and Boyd cases indicate that a trust settlor can exercise no powers of amendment or control over the trust except as are reserved to him by the instrument creating the trust. See also James v. James, 260 Mass. 19; 156 N. E. 745. Thus, in the case here before us the decedent could exercise only such powers of amendment as he expressly reserved in the original trust instrument, and, when he attempted to make a change greater than within his reserved power, the attempt must be regarded as being ineffective. We think it appropriate to consider the various amendments to the original trust instrument in endeavoring to ascertain the intent of the decedent in retaining certain powers of modification, alteration, or amendment in the origial instrument, but, “while the intent of the parties is a prime factor in construing such an instrument and in the case of doubt this is accorded high evidentiary value, yet the instrument itself, where it is sufficiently plain, must determine its character and scope.” Commissioner v. McIlvaine, 78 Fed. (2d) 787, 789; affd., 296 U. S. 488. We are of the opinion that the original trust instrument of July 8,1929, is sufficiently plain to establish that it did not reserve to the decedent such powers of amendment or alteration as he sought to exercise in 1936. That the decedent himself had the mistaken notion that he could change the beneficial interests by his 1936 amendment is not sufficient to establish the existence of such power. Even though the decedent did attempt to change the beneficial interests, it does not follow that he, therefore, actually had the power to alter or amend within the meaning of section 811 (d) (2). As we see it, it is of the essence in that section of the code that the decedent actually have the power to change the enjoyment at the time of death. Having sustained the petitioners’ contention as to the invalidity of the 1936 amendment, we need not consider their alternative contentions on this point. We are of the opinion that the decedent here did not have such powers of modification, alteration, or amendment as to affect the enjoyment of any interest transferred by decedent to the trust here in question. Therefore, we conclude that the corpus of the trust is not includible in decedent’s gross estate by reason of section 811 (d) (2) of the Internal Revenue Code. Decision will be entered under Rule 50. SEC. 811. GROSS ESTATE. The value of the gross estate of the decedent shall be determined by Including the value at the time of his death of all property, real or personal, tangible or Intangible, wherever situated, except real property situated outside of the United States. [[Image here]] [[Image here]] (d) Revocable Transfers.— (2) Transfers on or prior to junk 22, 1936. — To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * •