Estate of Gilliat G. Schroeder, Deceased, Louisa R. Schroeder and Helen S. Croll, Executors v. Commissioner.
Estate of Gilliat v. Commissioner
Docket No. 9805.
United States Tax Court
1947 Tax Ct. Memo LEXIS 203; 6 T.C.M. (CCH) 568; T.C.M. (RIA) 47138; May 26, 1947
*203 In 1928 decedent transferred certain property in trust, the income from which was to be paid to him during his life and, upon his death, the principal of which was to be distributed to his daughter and son, if surviving him, or to their issue surviving them. No other remainderman was designated to take if the grantor survived all the remaindermen named. Held, that the value of the trust corpus is not includible in the decedent's gross estate under the provisions of section 811 (c) of the Internal Revenue Code. Estate of Edward P. Hughes, 7 T.C. 1348 and other similar cases, followed. George B. Francis, Esq., 42 Broadway, New York, N. Y., for the petitioner. Rigmor O. Carlsen, Esq., for the respondent. VAN FOSSAN *204 Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $4,086.22 in the estate tax liability of the Estate of Gilliat G. Schroeder, deceased. The single issue is whether or not certain property transferred by the decedent in trust in 1928 is includible in his gross estate under the provisions of section 811 (c) of the Internal Revenue Code. Findings of Fact The facts were stipulated. The portions thereof material to the issue are as follows: The petitioner is the Estate of Gilliat G. Schroeder, Deceased, who died a resident of New York City, New York, on October 3, 1942. The executrices of said estate are Louisa R. Schroeder and Helen S. Croll, both residents of New York City, New York. They filed the estate tax return of the estate with the collector of internal revenue of the third collection district of New York. On January 11, 1928, the decedent executed an indenture of trust wherein Gilliat G. Schroeder was named the trustor, and the Title Guarantee and Trust Company, a corporation duly organized and existing under the laws of the State of New York, was named trustee. By the terms of the trust, the trustor transferred *205 to the trustee certain mortgages and mortgage certificates of the total value of $28,350, the net interest and income from which was to be paid to the trustor for life, and upon his death, the principal of the trust was to be distributed in equal shares to Helen Stevens Schroeder and Gilliat G. Schroeder, Jr., daughter and son of the trustor; and if the daughter or son or either of them should not survive the trustor, the principal of the trust was to be distributed to the survivor and to the issue of the predeceased daughter or son, if any, such issue to take by right of representation. On January 11, 1928, decedent trustor was a widower, 45 years of age, and was the father of the two children mentioned as beneficiaries in the indenture of trust. At his death, the decedent was 60 years of age. At that time the following children and grandchildren of decedent were living: Gilliat G. Schroeder, son, born June 13, 1906 Helen S. Croll, daughter, born Jan. 27, 1911 Florence W. Schroeder, granddaughter, born Nov. 29, 1939 Gilliat G. Schroeder, grandson, born Sept. 16, 1941 Helen S. Croll, granddaughter, born Jan. 20, 1940 No part of the value of the trust property was included *206 in the estate tax return filed by the executrices herein. The entire value of the trust property was included in the estate by the Commissioner, for estate tax purposes. Opinion VAN FOSSAN, Judge: In 1928 the decedent transferred property in trust, the net income from which was to be paid to him for life and upon his death the principal thereof was to be distributed to his daughter and son surviving him, or if predeceasing him, to the issue surviving the predeceased child. The sole issue is whether or not the property so transferred is includible in the decedent's gross estate under the provisions of section 811 (c), Internal Revenue Code. The respondent does not claim that the transfer was made in contemplation of death. The facts in the case at bar are on all fours with those in Estate of Edward P. Hughes, 7 T.C. 1348 and Estate of Nettie Friedman, 8 T.C. 68. Upon the authority of those cases and in conformity with our decisions therein we hold that the transfers in controversy are not includible in the decedent's estate. See Central Hanover Bank & Trust Company, Trustee, v. United States, 58 Fed. Supp. 565. We *207 are not unmindful of the decision of the Circuit Court of Appeals for the Second Circuit in Commissioner v. Bayne's Estate, 155 Fed. (2d) 475, which is not in accord with our position set forth in the Hughes, Friedman and antecedent cases. [1] However, see the recent case of Commissioner v. Estate of Franklin Morse Singer, 161 Fed. (2d) 15, (April 15, 1947). Decision will be entered under Rule 50. Footnotes
1. See Commissioner v. Bank of California, 155 Fed. (2d) 1 (CCA-9) and Commissioner v. Estate of Spiegel, 159 Fed. (2d) 257, (CCA-7) reversing the Tax Court [4 TCM 256, But see comm&ss&one- v. Estate of Church, 161 Fed. (2d) 11 (March 17, 1947) (CCA-3), affirming Memorandum Opinion of the Tax Court [3 TCM 1300↩,].