Estate of Lucy B. Platt, Deceased, Tillotson B. Platt, Lester B. Platt, and United States Trust Company of New York, Executors v. Commissioner.
Estate of Lucy B. Platt v. Commissioner
Docket No. 11100.
United States Tax Court
1947 Tax Ct. Memo LEXIS 126; 6 T.C.M. (CCH) 885; T.C.M. (RIA) 47214; July 29, 1947
William J. McClellan, Esq., for the petitioner. Rigmor O. Carlsen, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves estate tax. The deficiency, all of which is placed in issue, was determined in the amount of $17,646.05. The only question presented is whether the value of property conveyed in trust by the decedent in 1928 is includible in her gross estate under section 811(c) of the Internal Revenue Code, as intended to take effect in possession or enjoyment at or after her death. All of the facts (except proof of payment of taxes to the State of New York, and of payment of the estate tax to the Federal Government, shown on two exhibits) were stipulated, and we find them to *127 be as so stipulated, and so shown by exhibits. They may, so far as necessary for examination of the issue, be epitomized as follows: The petitioner is the estate of Lucy B. Platt, deceased, the duly appointed executors of her will being Lester B. Platt, Tillotson Beach Platt, and United States Trust Company. Lucy B. Platt died July 13, 1943, a resident of New York. The estate tax return here involved was filed with the collector for the first district of New York on October 11, 1944. On July 19, 1928, at the age of 63, Lucy B. Platt executed a trust indenture, the provisions of which, here material, are that she retained for her life the net trust income, and that upon her death the trust estate should be divided into four equal parts, one of which was to be held in trust for, and the net income therefrom to be paid to, each of the decedent's two sons, and their respective wives, with provision that in case of the death of either of the four beneficiaries, his or her share was to be divided equally among the decedent's then surviving grandchildren and the then surviving issue of such as might be dead, per stirpes. Investments of the trust fund were during decedent's life subject *128 to her approval in writing. Lucy B. Platt was survived by her two sons, their wives, her four grandchildren, and two great grandchildren. A third great grandchild was born after her death. One of her daughters-in-law died December 24, 1943, and under the trust indenture, the one-fourth share of such daughter-in-law was distributed to the decedent's four grandchildren. The estate paid estate taxes to the State of New York, from January 14, 1944, to December 3, 1946, in the total amount of $388.03, and paid to the Federal Government estate tax in amount of $18,974.62 on June 11, 1946. Though the determination of deficiency involves the value of the trust property in the decedent's gross estate under section 811(c) of the Internal Revenue Code, [1] on brief the respondent specifically states that no question of contemplation of death is involved, and agrees with the petitioner that the question is whether the trust comes within that language "of section 811(c) which makes any inter vivos transfer of property so includible which was intended to take effect in possession or enjoyment at or after death." The parties also are in agreement that since the trust was *129 set up prior to March 3, 1931, the fact of reservation of life estate in the trustor does not affect this case. *130 The gist of the petitioner's position is that the trust indenture contained no provision for reverter, and that under many cases the trust corpus may not be included in gross estate because of an extremely remote possibility existing only by operation of law. Among cases cited are Lloyd's Estate v. Commissioner, 141 Fed. (2d) 758; Francis Biddle Trust, 3 T.C. 832; Commissioner v. Kellogg, 119 Fed. (2d) 54; Estate of Harris Fahnestock, 4 T.C. 1096; Estate of Edward P. Hughes, 7 T.C. 1348. The respondent argues in substance that under Regulations 105, section 81.17, as amended by Treasury Decision 5512, there are two tests whether a trust concerns a "transfer intended to take effect in possession or enjoyment at or after his (grantor's) death," and that the value of the decedent's property interest is includible in his gross estate if (1) possession or enjoyment can be obtained only by beneficiaries who must survive the decedent, and (2) the decedent, or his estate, possesses any right or interest in the property, whether or not arising by express terms of the trust instrument. Both tests, it is argued, are met by the *131 trust instrument here, first because possession or enjoyment can be obtained only by beneficiaries who must survive the decedent (for only upon her death was the trust property to be divided and the income paid to beneficiaries, and ultimate remaindermen must survive both the grantor and their parents), and second because the grantor retained a right, "though concededly remote," in the property - since it is conceivable that she might survive all remaindermen and take by reversion, the trust instrument having made no ultimate disposition of the remainder in case of decedent's surviving all beneficiaries. The respondent argues that the element of survivorship is clearly present and death was the "intended event" bringing the subsequent estates into being. [The respondent does not on brief urge effect from that trust investments were, during decedent's life, subject to her approval.] We disagree with the idea that the element of survivorship is present in this matter. The only reference in the trust indenture to survival is the survival of settlor's grandchildren after death of their parents. Nor do we agree that death was the "intended event" bringing the subsequent estates into *132 being. We consider it clear that the only question here is whether the remote possibility of reverter to the grantor (only by operation of law, for there was no provision covering such reverter) requires inclusion of the value of trust corpus in gross estate. We can discern no difference in essential fact between this case and Estate of Edward P. Hughes, supra, wherein, following inter alia Francis Biddle Trust, supra, and other cases relied on by the petitioner herein, we held that remote possibility of reverter by operation of law does not justify including trust corpus in gross estate, adhering to our view previously taken, though cognizant of a different interpretation of the law in Commissioner v. Bayne's Estate, 155 Fed. (2d) 475, and other decisions to the same general effect, cited and relied upon herein by the respondent. Recognizing the diversity of opinion on this matter, but still adhering to the views expressed in Estate of Edward P. Hughes, supra, we consider it unnecessary to discuss the issue again or detail the various cases. However, since, as above seen, the respondent particularly relies here upon Treasury Decision *133 5512 (C.B. 1946-1, p. 264), we note that in Estate of John M. Neal, 8 T.C. 237 (243), the Commissioner withdrew his contention under section 811(c) because of that Treasury Decision, amending of Regulations 105, section 81.17. We hold that the remote possibility of reverter by operation of law was not effective to cause inclusion of value of trust corpus in gross estate, and that the transfer in trust was not intended to take effect in possession or enjoyment at or after decedent's death, within the meaning of section 811(c), Internal Revenue Code. Decision of no deficiency will be entered. Footnotes
1. SEC. 811. GROSS ESTATE. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States - * * *
(c) Transfers in Contemplation of, or Taking Effect at Death. - To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to-his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this subchapter.↩