ESTATE OF EDSON BRADLEY, DECEASED, JULIE F. FREMONT, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 98214.    Promulgated July 31, 1947.

*William F. Bleakley, Esq.*, for the petitioner.
*Henry C. Clark, Esq.*, for the respondent.

OPINION.

LEECH, *Judge*: This proceeding involves a deficiency in estate tax in the amount of $231,756.27. The sole contested issue is whether the corpora of two trusts are includible in decedent's gross estate as trusts intended to take effect in possession or enjoyment at or after decedent's death, within the provisions of section 302 (c) of the Revenue Act of 1926, as amended. All the facts have been stipulated and are so found. They may be summarized for present purposes as follows:

Petitioner, Julie F. Fremont, is the executrix of the last will and testament of Edson Bradley, deceased, who died on June 20, 1935, a resident of Washington, D. C. The estate tax return for decedent .was filed by the executrix with the collector of internal revenue at Baltimore, Maryland.

Under date of June 29, 1918, the decedent, by irrevocable deed of trust, transferred to Title Guarantee & Trust Co. certain funds and property. From time to time until April 2, 1923, decedent increased the corpus of such trust fund. By the trust deed the trustee and its successors were directed:

To invest and reinvest the aforesaid sums as they shall be received in the manner hereinafter provided, and to collect and receive the income therefrom and to pay over to my daughter, JULIE FAY SHIPMAN, now residing at No. 439 Madison Avenue, Borough of Manhattan, City of New York, out of such income the sum of One Thousand Dollars in each year and the balance of such income shall be paid to my wife, provided, however, that either I or my wife may from time to time and at any time or times direct the trustee by instrument in writing (executed and acknowledged in the manner required with respect to a deed conveying real property in the State of New York) to increase or diminish the sum payable to my daughter, and correspondingly to diminish or increase the amount payable to my wife. Upon the death of my said daughter, leaving my wife Julia W. Bradley her surviving, to pay all of such income to my said wife during the remainder of her natural life and upon the death of my wife, then to pay over the principal of the trust hereby created to the person or persons to whom my said wife Julia W. Bradley may, by her Last Will and Testament, duly admitted to probate, bequeath the final residue of her estate upon the con-

tingency that my said daughter should die without issue; if, however, my said daughter, Julie Fay Shipman, should survive my wife Julia W. Bradley, to continue to pay to my said daughter from and after the death of my said wife the same amount which at the time of the death of my wife was payable to my said daughter and the balance of such income shall be paid to me, my executors, administrators and assigns; and upon the death of my said daughter to pay over the principal of the trust hereby created to the person or persons to whom my said wife, Julia W. Bradley, by her Last Will and Testament, duly admitted to probate, may have bequeathed the final residue of her estate upon the contingency that my said daughter should die without issue.

Julia W. Bradley, wife of decedent, died on August 22, 1929, survived by decedent and their daughter, Julie Fay Shipman, now Julie F. Fremont, petitioner herein. Julia W. Bradley died testate. Her last will and testament was duly admitted to probate by the Surrogate's Court of New York County, New York, on October 21, 1929. Her will, so far as material here, disposed of her residuary estate as follows:

[SECOND:] IV. All the rest, residue and remainder of my estate, both real and personal, wheresoever situated and of which I may die seized and possessed, I give, devise and bequeath to the Title Guarantee & Trust Company, a New York Corporation, in trust nevertheless, to invest and reinvest the same, to collect and receive the rents, issues and profits thereof, and beginning with the date of my death, to pay over and apply the same to the use of my daughter JULIE FAY SHIPMAN, during her natural life.

(a) Upon the death of my said daughter JULIE FAY SHIPMAN, I direct said Title Guarantee & Trust Company to continue to hold my said residuary estate in trust as aforesaid, to pay the income therefrom to my husband EDSON BRADLEY, during his natural life.

(b) Upon the death of my said husband, EDSON BRADLEY, or upon the death of my said daughter JULIE FAY SHIPMAN; if he should not survive her, I give, devise and bequeath my said residuary estate to my cousins FRANCES W. GARNRYCK, EMMA J. OXNER, PERCY F. MELVILLE and MARY M. CARUTHERS, the survivors or survivor of them living at the death of my said husband or my said daughter, and the issue of any of them who may have died leaving issue living at the death of my said husband or my said daughter, such issue however, to take among them the share their parent would have taken had their parent survived my said husband or my said daughter.

The trustee was paying $1,000 per annum from the income to decedent's daughter upon the death of Julia W. Bradley and has paid her $1,000 per annum at all times thereafter. The daughter, Julie F. Fremont, was born on April 8, 1880, survived the decedent, and is still living.

In July 1938 petitioner brought an action in the County of Westchester and State of New York for a construction of the trust deed dated June 29, 1918. Petitioner sought to have the trust declared void and to have the corpus thereof made a part of decedent's estate. The action was not collusive. The action was tried before a special term of the Supreme Court of the State of New York. The trial justice rendered and filed his opinion, which is reported in 20 N. Y. S. (2d)

508. Thereafter, in conformity with such opinion, an interlocutory judgment was duly entered on June 27, 1940. Thereafter, a final judgment was entered therein confirming the interlocutory judgment and settling the account of the trustee. In the course of its opinion preceding the interlocutory judgment the court stated:

By her will, Mrs. Bradley made no attempt to exercise a power of appointment, nor was she given such power by the deed of trust, except in so far as the designation of her residuary legatees might serve to identify the persons to whom the corpus of the trust should be paid over. However, whether her will operated as an attempt to exercise a power of appointment, or merely as a means of identification of the ultimate donees under the trust agreement, the rule appears to be that the trust indenture and the will must be read together, as one instrument, and the designation under the will read into the trust indenture as though the provision thus incorporated, had been there from the beginning. *Bishop v. Bishop*, 257 N. Y. 40, 177 N. E. 302, 80 A. L. R. 1198. * * *

The interlocutory judgment entered the 27th day of June 1940, ordered, adjudged, and decreed, *inter alia*, as follows:

First: That in and by the aforesaid Deed of Trust dated the 29th day of June, 1918, by and between Edson Bradley, as Settlor, and Title Guarantee and Trust Company, as Trustee, hereinafter referred to as the "Trust Indenture," a trust of personal property was validly and lawfully created by said Edson Bradley.

\* \* \* \* \* \* \*

Third: That said trust will continue during the life of Julie Fay Shipman, the daughter of the said Settlor, and will terminate upon her death.

Fourth: That upon the termination of said trust, the principal thereof will be distributed to persons then to be identified by reference to the Last Will and Testament of Julia W. Bradley, deceased, in accordance with the provisions of said Trust Indenture.

\* \* \* \* \* \* \*

Tenth: That the persons described in paragraph (b) of clause IV, Article Second of the Will of Julia W. Bradley, deceased, who shall be living at the death of Julie Fay Shipman, meet the definition and description of the remaindermen of the trust contained in the Trust Indenture.

\* \* \* \* \* \* \*

Seventeenth: That no power of appointment over, or other power to dispose of the said trust fund, was conferred upon the said Julia W. Bradley under or by virtue of the provisions of said Trust Indenture.

\* \* \* \* \* \* \*

Nineteenth: That the persons receiving the principal of said trust at the termination thereof will receive the same, not as appointees of Julia W. Bradley, deceased, but solely by virtue of the force and effect of the provisions of the said Trust Indenture.

\* \* \* \* \* \* \*

Twenty-Fifth: That should said Julie Fay Shipman die leaving issue her surviving, this interlocutory judgment shall be without prejudice to any claim or claims in or to the corpus of said trust fund which such issue may assert or which may be asserted on behalf of such issue in any action, proceeding or accounting with respect thereto.

On December 4, 1917, decedent made and delivered an irrevocable deed of trust transferring to his wife, as trustee, certain property. He directed the trustee as follows:

To collect and receive the income from the principal of the trust hereby created and to pay the same over to my daughter Julie Fay Shipman, now residing at 439 Madison Avenue, Borough of Manhattan, City of New York, such payments to be made to my said daughter either monthly or in any other manner that the said Trustee may decide from time to time. Upon the death of my said daughter leaving my wife, Julia W. Bradley her surviving, to pay all of the income from the principal of this trust to my said wife Julie [sic] W. Bradley for the remainder of her natural life, and upon her death to pay over to me the principal of the trust hereby created in the event that I survive my said wife. Should I however die before my said wife then upon her death to pay over the principal of the trust hereby created to the person or persons to whom my said wife Julia W. Bradley may by her last will and testament duly admitted to probate, bequeath the final residue of her estate upon the contingency that my said daughter should die without issue. Should my wife Julia W. Bradley die before my said daughter and should I survive my daughter, then upon the death of my said daughter to pay all of the income from the principal of this trust to me for the remainder of my natural life, and upon my death then to pay over the principal of the trust hereby created to the person or persons to whom my said wife Julia W. Bradley may by her last will and testament duly admitted to probate, bequeath the final residue of her estate upon the contingency that my said daughter should die without issue.

On August 22, 1929, this trustee died and, in accordance with the express appointment contained in the latter deed of trust, the Title Guarantee & Trust Co. duly qualified as successor trustee.

In July 1938 petitioner brought an action in the Supreme Court of the State of New York, County of New York, against the successor trustee for the immediate enjoyment of the entire principal and income accrued and for a construction of the trust. This action was not collusive. A motion for judgment on the pleadings was granted. Thereafter that decision was vacated for the reason that it was urged by the guardian ad litem of the infant defendants that the pages of the document submitted to the court are on two different kinds of paper. The court rendered decision in favor of the plaintiff. A judgment was thereafter entered on February 9, 1942. This judgment was approved, without opinion, by the Appellate Division of the Supreme Court and by the Court of Appeals. The judgment, *inter alia*, ordered, adjudged, and decreed as follows:

SECOND: That said trust indenture contains no limitation upon the time for which the Settlor's daughter, Julie Fay Shipman, shall receive the income thereof and makes no disposition of the principal thereof except in the contingency that said Julie Fay Shipman should predecease either or both of her parents.

THIRD: That the Settlor's daughter, Julie Fay Shipman, did not predecease her parents, Julia W. Bradley and Edson Bradley, but survived them both.

FOURTH: That the true meaning of said trust indenture is that if the plaintiff, Julie Fay Shipman, survives both her parents, she shall receive the principal of said trust outright, as well as all the income thereof.

FIFTH: That the Settlor's daughter, Julie Fay Shipman, having survived both her parents, is entitled to the entire principal of said trust fund, and is now presently entitled to the immediate possession thereof.

The estate tax return filed on behalf of the decedent included the sum of $325,952.98 representing the value of the right of decedent to receive the balance of the income of the 1918 trust based upon the life expectancy of the daughter. In determining the deficiency the respondent included the total value of the corpus at the time of decedent's death, amounting to $742,294.13. The parties have stipulated that the sum of $10,977.89, representing the value of the daughter's right to receive $1,000 annually for life, is to be deducted from the total value of the corpus of the 1918 trust. No part of the value of the corpus of the 1917 trust, amounting to $189,567.47, was included in the above mentioned return.

The respondent makes no contention that either deed of trust was made in contemplation of death. The respondent's sole contention is that the corpus of each trust is includible in decedent's gross estate as intended to take effect in possession or enjoyment at or after decedent's death within the provisions of section 302 (c) of the Revenue Act of 1926, as amended, now section 811 (c) of the Internal Revenue Code.[1] The trust instruments, we think, present different problems. Both instruments have been construed by the courts·of the State of New York in actions involving the merits, and, so far as the property rights and interests are involved, such determinations are controlling here. *Freuler* v. *Helvering*, 291 U. S. 35; *Blair* v. *Commissioner*, 300 U. S. 5; *Lyeth* v. *Hoey*, 305 U. S. 188. So far as material, the trust agreement of June 29, 1918, provides for the payment to decedent's daughter of the sum of $1,000 annually, with the balance of the income to be paid to the wife of the decedent. If the daughter predeceases the wife, the entire income is to be paid to the wife during her life. Upon the death of the wife, the principal is to be paid to the

---

[1] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

  *     *     *     *     *     *

(c) TRANSFERS IN CONTEMPLATION OF, OR TAKING EFFECT AT DEATH.—To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this subchapter.

person or persons to whom the wife by her last will may have bequeathed the final residue of her estate, on condition that the daughter die without issue. If the wife predeceases the daughter, the balance of the income, after the payment of the sum then being paid to the daughter, is to be paid to the decedent, his executors, administrators, or assigns. Upon the daughter's death, the principal is to be paid to the person or persons to whom the wife by her last will may have bequeathed the final residue of her estate, on condition that the daughter die without issue. The wife died on August 22, 1929, survived by her daughter and the decedent. By her will dated May 12, 1927, and duly admitted to probate, the wife designated certain legatees who were to take her residuary estate in the event they were living at the death of the survivor of the decedent or her daughter. After decedent's death on June 20, 1935, the daughter brought an action in the Supreme Court of New York for a construction of the trust agreement and for a decree adjudging that the remainder belonged to decedent's estate. That court in its opinion stated that the trust indenture and the wife's will must be read together as one instrument, and the designation under the will read into the trust indenture as though the provision thus incorporated had been there from the beginning. An interlocutory judgment, later confirmed, was entered therein adjudging, *inter alia*, that the persons designated in the wife's will as residuary legatees, who were living at the death of the daughter, would be entitled to the trust corpus, by virtue of the provisions of the trust indenture, in the event the daughter died without issue.

Reading the trust indenture and the will as one instrument, there is present a remote possibility of reverter by operation of law. Petitioner does not contend otherwise. Her argument is that this Court, in the cases of *Edward P. Hughes*, 7 T. C. 1348, and *Estate of Nettie Friedman*, 8 T. C. 68, has not construed the doctrine of *Fidelity-Philadelphia Trust Co.* v. *Rothensies*, 324 U. S. 108; *Commissioner* v. *Field's Estate*, 324 U. S. 113; and *Goldstone* v. *United States*, 325 U. S. 687, as requiring the trust corpus to be included where there is a mere possibility of reverter by operation of law, and held that the doctrine of *May* v. *Heiner*, 281 U. S. 238, is still in effect. It is then said that *May* v. *Heiner, supra*, is in point. We disagree with the last premise. The rule of *May* v. *Heiner* is not, we think, controlling here. Decedent specifically retained a contingent interest, which became absolute prior to his death, i. e., the right to the balance of the income until the termination of the trust by the death of the daughter. Decedent, at the time of his death, had the right to designate the recipient of the balance of the income of the trust corpus for the period measured by the life of his daughter. The facts disclose that the decedent's estate is receiving the income from such trust, less the $1,000 annual payment to the daughter. The imposition and computation of the estate tax are

based upon the interests in actual existence at the time of decedent's death. *Goldstone* v. *United States, supra.* Section 302 (c) requires the taxable gross estate to include those property interests, the ultimate possession or enjoyment of which is held in suspense until the moment of grantor's death or thereafter. *Fidelity-Philadelphia Trust Co.* v. *Rothensies, supra.* The retention of the income interest for a period which did not in fact end before decedent's death evidences an intention that possession or enjoyment was to be postponed beyond his death. Hence, the value of the transfer is includible in the decedent's gross estate for estate tax purposes under the statute as it existed at the time the trust was created. We do not consider it necessary to determine whether Regulations 105, section 81.17, as amended by T. D. 5512, relied upon by the respondent, applies here.[2]

The parties have stipulated that the value of the daughter's right to receive the sum of $1,000 annually for life is $10,977.89, and is to be excluded in determining the value of the includible interest. We think the entire value of the corpus of the 1918 trust, less the amount of $10,977.89, is properly included in the decedent's gross estate, and not only the value of the right to receive the balance of the income based on the life expectancy of the daughter, as contended by petitioner, the value of which was returned for estate tax purposes. The estate tax is based on the value at the time of death of the property transferred, and not the value of the interest retained. *Commissioner* v. *Field's Estate, supra.* The respondent properly included the value of the corpus of the 1918 trust, less the value of the annuity to the daughter.

By the trust indenture of December 4, 1917, the decedent provided that the income was to be paid to the daughter without limitation as to time. If the daughter predeceased the decedent's wife, all income was to be paid to the wife for life, and the principal was to be paid to decedent if he survived the wife. Should the decedent predecease the wife, then on the latter's death the principal was to be paid over to the person or persons to whom the wife might bequeath the residue of her estate, on the contingency that the daughter should die without issue. Should the wife die before the daughter, and should the wife predecease the decedent, then on the daughter's death all the income was to be paid to the decedent for life and upon his death the principal was to go to the person or persons to whom the wife bequeathed the final residue of her estate, upon the same contingency. No express provision was made for a disposition of the trust principal in the event that the daughter survived both the decedent and his wife. This latter contingency in fact arose. The Supreme Court of New York State, in an action to construe the trust indenture, adjudged and decreed "That the true meaning of said trust indenture is that if the plaintiff,

---

[2] See T. D. 5512, 1946–1 C. B. 264.

Julie Fay Shipman, survives both her parents, she shall receive the principal of said trust outright, as well as all the income thereof." That decree is binding here. *Freuler* v. *Helvering, supra; Lyeth* v. *Hoey, supra.* Thus the daughter, having become entitled, under the trust instrument, to the corpus only upon surviving decedent, the transfer is one intended to take effect in possession or enjoyment at his death. The decedent's death was the event which brought into being the remainder estate of the daughter. Therefore, under the rationale of *Helvering* v. *Hallock*, 309 U. S. 106, and cognate authorities, the respondent properly included the corpus of the 1917 trust in decedent's gross estate for estate tax purposes. Effect will be given to the other issues adjusted by the stipulation.

*Decision will be entered under Rule 50.*