## LEWIS W. WELCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6121. Promulgated May 29, 1947.

*Harry A. Smith, C. P. A.*, for the petitioner.
*A. J. Hurley, Esq.*, for the respondent.

### OPINION.

BLACK, *Judge*: This proceeding involves a deficiency in income tax for the calendar year 1941 in the amount of $47,008.96. The deficiency is the result of an addition of $67,500 to petitioner's net income as disclosed by his return for 1941, which respondent, in a statement attached to the deficiency notice, explained as follows:

#### EXPLANATION OF ADJUSTMENT

(a) It has been determined that the combined income from four trusts created by you on June 28, 1941, and from two trusts created by your wife, Mrs. Marian Edith Welch, on the same date, is taxable to you under the provisions of Sections 22 (a), 166 and/or 167, of the Internal Revenue Code.

The trust income held to be taxable to you is as follows:

From trusts created by you:

| | |
|---|---|
| Trust for benefit of Laura Ann Welch (No. 1) | $11,250.00 |
| Trust for benefit of Marian Edith Welch (No. 2) | 11,250.00 |
| Trust for benefit of Dorothy Elizabeth Welch (No. 3) | 11,250.00 |
| Trust for benefit of Marian Edith Welch (No. 4) | 11,250.00 |

From trusts created by Mrs. Marian Edith Welch:

| | |
|---|---|
| Trust for benefit of Laura Ann Welch (No. 5) | 11,250.00 |
| Trust for benefit of Dorothy Elizabeth Welch (No. 6) | 11,250.00 |
| Total trust income held taxable to you | $67,500.00 |

By appropriate assignments of error petitioner contests the correctness of this adjustment.

The issue in this proceeding is whether the income received in the taxable year 1941 by four trusts created by the petitioner on June 28, 1941, and by two trusts of which petitioner's wife was the grantor, created on June 28, 1941, is taxable to the petitioner under the provisions of section 22 (a) of the Internal Revenue Code. Respondent in his brief does not contend that the income of the trusts is taxable to petitioner under sections 166 and/or 167 of the Internal Revenue Code.

All the facts are stipulated. The stipulation is incorporated by reference and adopted as our findings of fact. Some of the essential facts are summarized below.

Petitioner is an individual who during the taxable year 1941 resided in Detroit, Michigan. He filed his income tax return for the calendar year 1941 with the collector of internal revenue at Detroit, Michigan. The return was prepared on the cash basis.

Prior to June 28, 1941, petitioner owned all of the outstanding capital stock of Novi Equipment Co., a Michigan corporation, sometimes hereinafter referred to as Novi, consisting of 200 shares of no par value common stock. The business of the corporation is that of manufacturing automobile parts and accessories. Petitioner was then married, was living with his wife, and was the father of two minor children, Laura Ann Welch and Dorothy Elizabeth Welch, whose ages were then 9 and 12, respectively.

On June 28, 1941, petitioner executed 4 separate trust indentures, each establishing a trust the corpus of which was to be 15 shares of the common stock of Novi. The trusts were designated by petitioner as Trusts Nos. 1, 2, 3, and 4, respectively. Trust No. 1 was for the benefit of petitioner's daughter, Laura Ann Welch; Trust No. 2 was for the benefit of petitioner's wife, Marian Edith Welch, as the income beneficiary during her lifetime and his daughter, Laura Ann Welch, as the remainder beneficiary; Trust No. 3 was for the benefit of petitioner's daughter, Dorothy Elizabeth Welch; and Trust No. 4 was for the benefit of petitioner's wife, Marian Edith Welch, as the income beneficiary during her lifetime and of his daughter, Dorothy Elizabeth Welch, as the remainder beneficiary.

Simultaneously with the establishment by petitioner of the aforementioned four trusts, petitioner transferred to each trust, as the corpus thereof, 15 shares of the common capital stock of Novi.

On June 28, 1941, petitioner transferred, by gift, to his wife, Marian Edith Welch, 30 shares of the common stock of Novi. The certificates of stock evidencing the ownership of the 30 shares transferred by petitioner to his wife as a gift and the 60 shares transferred by him to the 4 trusts were surrendered by petitioner and were canceled by Novi. In exchange therefor, and at the direction of the petitioner, Novi issued 4 certificates for 15 shares each to petitioner, as trustee, and a certificate for 30 shares to his wife, Marian Edith Welch. The

above stock certificates were delivered to petitioner, as trustee, and to Marian Edith Welch on June 28, 1941.

Petitioner's wife, Marian Edith Welch, on June 28, 1941, executed 2 trust indentures, each establishing a trust the corpus of which was to be 15 shares of the common stock of Novi. The trusts were identified by her as Trusts Nos. 5 and 6. Trust No. 5 was for the benefit of her daughter, Laura Ann Welch, and Trust No. 6 was for the benefit of her daughter, Dorothy Elizabeth Welch. Simultaneously with the execution of these trust indentures, Marian Edith Welch transferred to each trust, as the corpus thereof, 15 shares of the common stock of Novi which she had on the same day received from petitioner as a gift. The certificate which she held for the 30 shares of Novi's stock was surrendered and canceled by Novi and at her direction new certificates for 15 shares each were issued in lieu thereof to Lewis W. Welch as trustee for Laura Ann Welch and Dorothy Elizabeth Welch, respectively. These stock certificates were delivered to Lewis W. Welch, as trustee, on June 28, 1941.

Each of the above trust indentures designated Lewis W. Welch as trustee and William Henry Gallagher as successor trustee. Lewis W. Welch has served as trustee for each trust continuously since its creation on June 28, 1941. He has not received any compensation for his services as trustee of the various trusts.

Each original trust indenture was substantially identical in all respects except as to the names of the beneficiaries and the provisions for the distribution and accumulation of income. On December 23, 1941, each trust indenture was amended in certain respects which will be hereinafter referred to. The trusts were declared to be irrevocable. Paragraph 2 of the original trust instrument and the amendments of December 23, 1941, are shown in the following two columns:

| *Original Trust* | *Amendments* |
|---|---|
| The Trustee shall have full power and authority in respect of every trust estate mentioned in this instrument, as follows: | |
| (a) To take possession of said corpus of the trust and collect and receive the monies, interests, profits and income arising therefrom, with full power in the Trustee to manage the same as in the judgment and discretion of the Trustee may seem most advantageous to such trust estate and the beneficiaries thereof. Included in such power of management shall be the power to vote, in person or by proxy, any and all stocks in any and all corporations, at any and all meetings of stockholders for any and all purposes. | (a) To take possession of said corpus of the trust and collect and receive the monies, interests, profits and income arising therefrom, with power to manage the same to the greatest advantage of such trust estate and the beneficiaries thereof. Included in such power of management shall be the power to vote, in person or by proxy, any and all stocks in any and all corporations, at any and all meetings of stockholders. |

**1142**

| *Original Trust* | *Amendments* |
|---|---|

(b) To retain all property in the form in which the same shall be received by the Trustee or at any time to sell, exchange, mortgage, pledge or partition the same or any part or parts thereof, and invest and reinvest the proceeds from time to time and keep the same invested in securities or other personal property.

(b) To retain all property in the form in which the same shall be received by the Trustee or at any time to sell, exchange, mortgage, pledge, or partition the same or any part or parts thereof, and invest and reinvest the proceeds from time to time and keep the same invested; provided, however, that such investments or reinvestments shall be limited to bonds or other obligations issued or guaranteed by the United States Government, or to endowment, annuity, or investment life insurance policies.

(c) To borrow money and contract indebtedness upon security, mortgage or pledge of the corpus of the trust or any portion thereof and to make loans to persons, firms, or corporations upon security, mortgage or pledge.

(d) To distribute in kind at the termination of the trust hereof, or at any such times as may be required by the terms hereof, any cash, stocks, bonds or other securities or personal property at any time belonging to the estate, to or among the persons entitled to participate in any distribution thereof; the selection of the securities and personal property for distribution, and the determination of the respective proportions of such securities and personal property, shall rest in the sole judgment and discretion of the Trustee, and his determination shall be final and conclusive upon all persons concerned therewith.

(d) To distribute in kind at the termination of the trust hereof, or at such times as may be required by the terms hereof, any cash, stocks, bonds, or endowment, annuity, or investment life insurance policies or other property at any time belonging to the estate, to or among the persons entitled to participate in any distribution thereof.

Paragraph 3 of each trust indenture provides that the trustee shall be vested with full and complete legal title to all trust property until the termination of the trust, and further provides against any disposition, assignment, charge, or encumbrance by way of anticipation of trust corpus or income by any beneficiary of the trust.

Paragraph 4 of the original trust indentures Nos. 1 and 3 made by the petitioner for the benefit of his two daughters and paragraph No. 4 of the original trust indentures Nos. 5 and 6 made by petitioner's wife, Marian Edith Welch, for the benefit of the two daughters, provided for the distribution of trust income and corpus as follows: (a) During the lifetime of the settlor the trust income "shall in the discretion of the Trustee be accumulated or distributed" to the beneficiary; (b) after the settlor's death the "Trustee shall distribute" to the beneficiary, "or accumulate, all or any portion of the income from

the corpus of the trust," and upon the beneficiary attaining the age of 21 years the trustee shall transfer to the beneficiary "the corpus of the trust and any accumulated and undistributed income as her absolute property"; (c) if the beneficiary should die prior to the distribution of the corpus to her, leaving children, "the Trustee shall distribute in equal shares to the living children * * * or accumulate, all or any portion of the income from the corpus of the trust until they shall severally attain the age of twenty-one years," at which time "the corpus of the trust and any accumulated and undistributed income" shall be distributed to them; and (d) further provisions for remainders over are made in case the beneficiary should die prior to the distribution of the corpus to her, leaving no children.

Paragraph 4 of trust indentures Nos. 2 and 4 for the benefit of the petitioner's wife, Marian Edith Welch, provided that the "trust hereby created shall terminate upon the death of the Settlor's wife, Marian Edith Welch, or upon the Settlor's death, whichever event last occurs." Paragraph 5 provided that "during the existence of this trust the income from the corpus of the trust shall be accumulated or distributed to the Settlor's wife, Marian Edith Welch, during her lifetime, and thereafter shall be accumulated or distributed" to the remainder beneficiary. Provisions for remainder over were made in case the primary beneficiary, Marian Edith Welch, should die prior to the termination of the trust. Paragraph 6 of the trust indentures provided that "upon the termination of this trust the Trustee shall assign, transfer, convey and deliver the corpus of the trust and any accumulated and undistributed income" to the remainder beneficiary. Provisions were made for the remainders over in case of the death of the remainder beneficiary prior to the termination of the trust.

Each original trust indenture provided that "the discretion and judgment of the trustee exercised in accordance with the provisions of this trust instrument in distributing or accumulating income, and the time and amount of accumulation or distribution, shall be final." In the amendment of each trust indenture executed December 23, 1941, this provision of the trust agreement was canceled.

The amendment of each trust indenture executed December 23, 1941, deprived the trustee of the discretionary power to accumulate or distribute income and provided that during the lifetime of the settlor the trustee shall distribute the income of the corpus of the trust for each calendar year to the beneficiary, "such distribution to be made not earlier than March 1 and not later than November 1 of the succeeding calendar year." In Trusts Nos. 1, 3, 5, and 6 for the benefit of the daughters, it was provided, however, that the beneficiary "either personally or through her guardian prior to the time that she reaches her majority, shall have the right and option to notify the Trustee in writ-

ing of that portion of the income for the year which is to be distributed and that portion which is to be retained and accumulated by the Trustee." In Trusts Nos. 2 and 4 for the benefit of the wife, it was provided that the wife "shall have the right and option to notify the Trustee in writing of that portion of the income for the year which is to be distributed and that portion which is to be retained by the Trustee." It was also provided in each trust that such notice to be effective should be filed with the trustee within 30 days of the close of the calendar year to which it related. Pursuant to the right and option given to the income beneficiary of each trust by such amendments, notices in writing were given to the trustee for each trust on January 16, 1942. These notices provided that the income beneficiary elected not to have distributed to her the income of the trust for 1941. As to Trusts Nos. 2 and 4, of which petitioner's wife, Marian Edith Welch, was the income beneficiary, she also stated in the notice which she gave the trustee: "You are further notified that I hereby elect to have distributed to me as the income beneficiary all payments made on such note when and as such payments are received by you, as trustee."

In all the trust indentures it was provided that the settlor or any beneficiary of the trust may contribute personal property to the corpus of the trust.

In all of the trust agreements it was provided that "If, after the death of the Settlor, in the opinion of the Trustee the income herein provided shall not be sufficient to suitably support, educate and maintain the beneficiary, or beneficiaries, or in the case of an emergency befalling any beneficiary hereunder such as illness, accident or other extraordinary distress, the Trustee is authorized to use and expend such part of the corpus of the trust as the Trustee may deem necessary to make up such deficiency or meet such emergency."

In the event of the death, disability, removal, refusal or incapacity to serve of the trustee named, Lewis W. Welch, then William Henry Gallagher of Detroit shall succeed as trustee. It was further provided that in the event of the death, disability, removal, refusal or incapacity to serve of the said William Henry Gallagher, the majority of the beneficiaries who are then of age may designate as successor trustee any bank possessing trust powers or any trust company located in Detroit, or any individual who may or may not be one of the beneficiaries, or may designate such individual and such bank or trust company to act as cotrustees. The amendment of December 23, 1941, provided that in the event of the death, disability, removal, refusal or incapacity to serve of said William Henry Gallagher, then the successor trustee shall be some bank possessing trust power or some trust company located in Detroit, Michigan.

On June 30, 1941, Novi, by appropriate action of its board of directors, declared and paid dividends of $150,000 on its outstanding

capital stock to stockholders of record at the close of business on June 29, 1941. Pursuant to such declaration and payment, each trust received from Novi a noninterest-bearing note for $11,250 in payment of the dividend due on the shares of stock owned by it. Each note was dated June 30, 1941, and matured in one year. These notes were not fully paid on maturity date and were not renewed.

The trustee for each trust duly filed with the collector of internal revenue at Detroit, Michigan, an income tax return for each trust for the calendar year 1941, on which he reported as income the dividend of $11,250 received by each trust. The income tax of $1,982.23 due from each trust on said returns was paid by each trust with funds borrowed from Lewis W. Welch on open account.

On October 25, 1941, Marian Edith Welch transferred to each of the two trusts which she had created on June 28, 1941 (Trusts Nos. 5 and 6) a policy of insurance in the face amount of $100,000 on the life of petitioner, which she had previously applied for and then owned and on which she had paid the premiums which had accrued prior to October 25, 1941. These transfers were made to each trust pursuant to written supplements to each trust indenture entered into between Marian Edith Welch, as settlor, and Lewis W. Welch, as trustee, under date of October 25, 1941. The supplements provide that the trustee shall pay all net premiums out of the income of the trust and that the proceeds of the policies snall, when received by the trustee, be invested only in bonds or other obligations issued or guaranteed by the U. S. Government or in endowment, annuity, or investment life insurance policies.

All net premiums becoming due after October 25, 1941, on the policies of insurance transferred by Marian Edith Welch on that date to the two trusts of which she was the settlor have been paid by the trustee for each of said trusts, except the 1942 premiums, which were paid by petitioner on behalf of the trusts and credited on the trusts' books to an account payable account to petitioner.

In March 1942 petitioner duly filed a gift tax return, reporting the gifts of 90 shares of the common stock of Novi made by him in 1941, and duly paid a gift tax of $26,580.41 shown on the return.

Petitioner's wife, Marian Edith Welch, in March 1942 duly filed a gift tax return, reporting the gifts made by her in 1941 consisting of 30 shares of the common stock of Novi and the two policies of insurance on the life of petitioner in the face amount of $100,000 each. She duly paid the gift tax of $2,991.41 shown on her return.

The dividends of $11,250 paid in notes of Novi as above set out received by each trust in 1941 were the only income received by the respective trusts after the date of their creation on June 28, 1941. The

following schedule shows all payments made by Novi on the notes issued by it to the six trusts in payment of a dividend on June 30, 1941:

| Date | Trust No. 1 | Trust No. 2 | Trust No. 3 | Trust No. 4 | Trust No. 5 | Trust No. 6 |
|---|---|---|---|---|---|---|
| 11–17–41 | $230.00 | $230.00 | $230.00 | $230.00 | $230.00 | $230.00 |
| 7–29–43 | | 2,500.00 | | 2,500.00 | | |
| 9–21–43 | | 1,000.00 | | 1,000.00 | | |
| 7–31–44 | | | | | 2,100.00 | 2,100.00 |
| 3–27–45 | | 2,500.00 | | 2,500.00 | | |
| 7–17–45 | | 550.00 | | 550.00 | | |
| 7–31–45 | | | | | 2,300.00 | 2,300.00 |
| 9–24–45 | | 750.00 | | 750.00 | | |
| 3–21–46 | | 2,250.00 | | 2,250.00 | | |

The payments on the notes of $230 to each trust on November 17, 1941, were made by Novi, at the direction of the trustee, direct to Harry A. Smith in payment for accounting services rendered by him to the trusts. The remaining payments on the notes held by Trusts Nos. 2 and 4 were made by Novi, at the direction of the trustee, direct to Marian Edith Welch, the income beneficiary of those two trusts. The remaining payments on the notes held by Trusts Nos. 5 and 6 were made by Novi to Lewis W. Welch, as trustee of those two trusts.

Books of account have been maintained for each trust since June 28, 1941, in which have been recorded all transactions affecting trust income and corpus. Bank accounts for Trusts Nos. 5 and 6 were opened with the Manufacturers National Bank of Detroit, Michigan, in July 1943, by the trustee, in which there have been deposited all payments received by those trusts from Novi on the notes issued to those trusts by Novi. No bank accounts have as yet been established for either of the remaining four trusts. On June 28, 1941, petitioner was president and his father, Harry J. Welch, was vice president of Novi, and they have remained as such to date. After June 28, 1941, petitioner and his father comprised two of the three directors of Novi, and they remained such until March 27, 1946. From March 27, 1946, to the present date they comprised two of the five directors.

Since the date of the establishment of the trusts on June 28, 1941, petitioner has owned 110 shares of the 200 outstanding shares of Novi and the trusts have owned 90 shares.

Respondent contends that the income of the four trusts created by the petitioner on June 28, 1941, and the income from the two trusts of which petitioner's wife was the grantor, created on June 28, 1941, are taxable to petitioner under the provisions of section 22 (a) of the Internal Revenue Code. Respondent in his brief does not contend that the income from the trusts is taxable to petitioner under either section 166 or section 167 of the code. He maintains that for the purpose of this proceeding petitioner must be considered as the real grantor of the trusts created by the wife for the benefit of the two daughters. Respondent also claims that the amendments of December

23, 1941, to the original trust indentures of June 28, 1941, are invalid and without any legal effect.

We first consider the question of whether the petitioner can be considered the grantor of Trusts Nos. 5 and 6, which were created by his wife for the benefit of her two daughters. Respondent argues "that a person who furnishes the consideration for the creation of a trust is actually the grantor for tax purposes even though in form the trust is created by another" and cites in support thereof *Lehman* v. *Commissioner*, 109 Fed. (2d) 99; certiorari denied, 310 U. S. 637; *George H. Whiteley, Jr.*, 42 B. T. A. 402; affd., 120 Fed. (2d) 782; certiorari denied, 314 U. S. 657; *Estate of George W. Hall*, 6 T. C. 933. The parties have stipulated that "On June 28, 1941, petitioner transferred, by gift, to his wife, Marian Edith Welch, 30 shares of the common capital stock of Novi Equipment Company." It was also stipulated that the wife on the same day created two trusts for the benefit of the two daughters and "transferred to each trust as the corpus thereof 15 shares of the common capital stock of Novi Equipment Company, which she had on the same day received from petitioner as a gift." There is no evidence in the record that the transfer to the wife was conditioned upon her creating the trusts and we know of no reason why we should assume that such was the case. Cf. *Estate of George W. Hall, supra.* The gift to the wife vested her with unconditional title to the stock in question. In *Johnson* v. *Commissioner*, 86 Fed. (2d) 710, the court said: "To constitute a valid gift inter vivos the donor must have a clear and unequivocal intention to part with his property presently and forever. *Snavely* v. *Henderson*, 204 F. 978; *Gannon* v. *McGuire*, 160 N. Y. 476, 55 N. E. 7."

In the instant case, as we have already said, it has been stipulated that "On June 28, 1941, petitioner transferred by gift, to his wife, Marian Edith Welch, 30 shares of the common capital stock of Novi Equipment Company." It has been further stipulated that petitioner paid gift tax on this gift. Therefore, we must hold that under the facts which have been stipulated Marian Edith Welch became the unconditional owner of those 30 shares of Novi stock by virtue of the gift and had the right to do with them as she pleased after she received them. We further hold that petitioner can not be regarded as the grantor of Trusts Nos. 5 and 6 and is not taxable upon the income therefrom. Cf. *Rockwell* v. *Grainger*, 62 Fed. Supp. 907. But, even if we are in error in holding that petitioner was not the grantor of Trusts Nos. 5 and 6 the same as he was of Trusts Nos. 1, 2, 3, and 4, nevertheless, he would not be taxable under section 22 (a) upon the income of Trusts Nos. 5 and 6 for the same reasons that we hold hereinafter that he is not taxable under section 22 (a) on the income of Trusts Nos. 2, 2, 3, and 4.

Are the amendments of December 23, 1941, to the original trust indentures of June 28, 1941, valid? Respondent urges that these amendments are "invalid and without operative *legal* effect, the 'settlor' not having retained, or provided for in any way, a power to amend or modify the trust indentures with or without the consent of the trustee," and, further, that the amendments, even assuming their validity, are in no way material to the issues herein, for all the income was received on June 30, 1941, which was prior to the amendments of December 23, 1941; that the amendments are not retroactive, and therefore the determination of whether the income is taxable to the petitioner is controlled by the original trust indentures, unaffected by the amendments.

As a general rule, after a trust has been created and the rights of the beneficiaries have become vested, in the absence of a power of modification reserved, the trust may not be altered or modified to the prejudice of the beneficiaries without their consent. However, it is permissible to modify the trust where the interests of the beneficiaries are not prejudiced thereby. Cf. *Boyd* v. *United States*, 34 Fed. (2d) 488; Restatement of the Law of Trusts, ch. 10, sec. 338 (2) ; *Estate of O. M. Banfield*, 4 T. C. 29. The petitioner merely surrendered certain privileges retained as trustee under the original trust instruments and liberalized their provisions on behalf of the beneficiaries. Thus the interests of the beneficiaries were not prejudiced thereby.

In the original trust instrument the petitioner had the absolute discretion to accumulate or distribute the income to the beneficiary, while the amendment provided that the income from the corpus of the trust for each calendar year should be distributed to the beneficiary. It was further provided that distribution was to be made on certain specified dates of the succeeding calendar year, provided, however, that the beneficiary, either personally or through her guardian prior to the time she attained her majority, had the right and option to notify the trustee in writing of that portion of the income for the year which was to be distributed and that portion which was to be accumulated. The amendments specifically applied to the income of the respective trusts for each calendar year and, since these amendments were executed December 23, 1941, they operated on the income received on June 30, 1941, during the taxable year, and we think they are effective and material to the issues herein.

Is the income of the four trusts created by the petitioner taxable to him under section 22 (a) of the Internal Revenue Code? Respondent relies principally upon *Helvering* v. *Clifford*, 309 U. S. 331; *Louis Stockstrom*, 3 T. C. 255; affd., 148 Fed. (2d) 491; certiorari denied, 326 U. S. 719; *M. Friedman*, 7 T. C. 54; *Leslie H. Green*, 7 T. C. 263; and *Anna Morgan*, 5 T. C. 1089. Petitioner contends that the income

of the four trusts is not taxable to him under the doctrine of the *Clifford* case. The cases principally relied upon by petitioner are listed below.[1]

We think the trusts fall within the ambit of the cases cited by petitioner, rather than those relied upon by respondent. In all the trusts the interests of the beneficiaries were vested, and the possibility of reversion to petitioner or his estate, in the words of the *Cushman* case, is "so remote that it is non-existent in the light of probability," hence, there is no "temporary reallocation of income" within the meaning of the *Clifford* case. Petitioner reserved no power or right to direct that the income or corpus of the trusts be paid to beneficiaries other than those named in the trusts. The amendments to which we have already referred gave each child-beneficiary a vested right, effective December 23 of the taxable year, to any and all income derived from the trust corpus during the taxable year. Likewise, the amendment to the trusts for the benefit of the wife gave her a vested right, effective December 23 of the taxable year, to the trust income. Thus, petitioner had no power to withhold income either in the taxable year or subsequent years and by so doing to shift the enjoyment thereof to any remainder beneficiary. Cf. *Commissioner* v. *Buck*, 120 Fed. (2d) 775; *Stockstrom* v. *Commissioner*, *supra*; *Leslie H. Green*, *supra*; *Ellis H. Warren*, 45 B. T. A. 379; affd., 133 Fed. (2d) 312.

Furthermore, we point out that at all times here involved petitioner remained the owner in his own right of 110 shares of Novi stock out of the 200 shares of the stock outstanding. Thus he had complete control of the corporation by virtue of the shares of stock which he personally owned and without in any way relying upon the 90 shares of stock owned by the trusts. Of those trusts with respect to which petitioner was the grantor, together with those of which he was merely trustee, he could not spend the income for his own uses, as could be done in *Douglas* v. *Willcuts*, 296 U. S. 1, nor change the takers of income or the proportions in which they took, as in *Commissioner* v. *Buck*, *supra*, nor could he recover corpus, as in *Helvering* v. *Elias*, 122 Fed. (2d) 171, certiorari denied, 314 U. S. 692, nor exercise powers of control in a nonfiduciary capacity for his own personal benefit, as in *Frank G. Hoover*, 42 B. T. A. 786. It must therefore be concluded that petitioner is not taxable upon the income of the 4 trusts created by him and of the 2 trusts created by his wife under section 22 (a) within the meaning of *Helvering* v. *Clifford*, *supra*.

[1] *Cushman* v. *Commissioner*, 153 Fed. (2d) 510; *Commissioner* v. *Branch*, 114 Fed. (2d) 985; *David L. Loew*, 7 T. C. 363; *W. L. Taylor*, 6 T. C. 201; *Alma M. Myer*, 6 T. C. 77; *J. M. Leonard*, 4 T. C. 1271; *Alex McCutchin*, 4 T. C. 1242; *David Small*, 3 T. C. 1142; *Benjamin Lowenstein*, 3 T. C. 1133; *Kohnstamm* v. *Pedrick*, 153 Fed. (2d) 506; *Morss* v. *United States*, 64 Fed. Supp. 996.

The Commissioner, in his deficiency notice, stated that he had determined that the income of the trusts in question was taxable to petitioner under sections 22 (a), 166, and 167 of the code. However, in his brief the Commissioner confines his arguments entirely to section 22 (a) and makes no mention of sections 166 and 167. We take this to mean that he no longer contends that petitioner is taxable under either section 166 or section 167. Therefore, as respondent in his brief has not referred either directly or indirectly to sections 166 and 167, we do not discuss those sections of the statute and confine ourselves to a consideration of section 22 (a).

Reviewed by the Court.

*Decision will be entered for the petitioner.*

HILL, *J.*, dissents.