ESTATE OF EMMA L. KECK, DECEASED, ELIZABETH KECK LEH, G. EDWARD LEH, AND ANDREW SAEGER KECK, II, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14534.    Promulgated June 15, 1948.

*Albert Barnes Zink, Esq.*, and *George F. Shinehouse, Jr., Esq.*, for the petitioners.

*Robert H. Kinderman, Esq.*, for the respondent.

1122

OPINION.

LEECH, *Judge*: It is argued by respondent that the facts show that the predominant thought in decedent's mind at the time of the execu-

tion of the trust instrument in question was the situation existing at her death and the desire to make provision for her children as of that time.

The rule is clear that if the motivating cause of a transfer was a consideration by the grantor of his or her death and the desire to make provision for such an event, the transfer was in contemplation of death within section 811 (c) of the Internal Revenue Code. *United States* v. *Wells*, 283 U. S. 102. The respondent relies heavily upon *Kroger* v. *Commissioner*, 145 Fed. (2d) 901; certiorari denied, 324 U. S. 866. The facts in that case, however, are wholly different from those here and lead to a different conclusion as to the intent of the grantor. In the *Kroger* case, the decedent, an old man intending to marry a young wife, executed a deed of trust, to which he conveyed a large part of his estate, and made his children by a first marriage the beneficiaries thereof upon his death. This was done with the express purpose of cutting off his intended wife from participation in this portion of his estate. There the transfer was made specifically to meet a situation which would arise at his death, and consequently, was held to be one made in contemplation of death.

In the present case the facts lead us to an opposite conclusion. Certainly if the conveyance, instead of having been made to the trust, had been made directly and absolutely to the children, no possible reasonable basis would exist for a finding that the motivating cause for the transfer was the contemplation of Emma L. Keck's death. That she retained a life estate does not, we think, change the situation for present purposes. The circumstances surrounding the execution of the trust indicate to us that the decedent really had in mind, as the moving cause for her action, nothing more than the desire to carry out what she considered a moral obligation laid upon her by her husband to take action to assure that their children would receive the property in question.

The decedent was a woman in excellent health and with a very keen interest in life. The record demonstrates that hers was a full life for many years following the execution of the trust in question and one containing many interests and pleasures which she enjoyed to the fullest extent.

That the effect of the action by the decedent in executing the trust was to assure her children the receipt of the fund upon her death does not establish alone such action as having been taken in contemplation of death. As the Supreme Court said in *Colorado National Bank* v. *Commissioner*, 305 U. S. 23, "The mere purpose to make provision for children after a donor's death is not enough conclusively to establish that action to that end was 'in contemplation of death.' * * * something more than this is required to show that a conveyance comes within the ambit of the statute." Re-

spondent also relies upon *Davidson's Estate* v. *Commissioner*, 158 Fed. (2d) 239, as peculiarly applicable by reason of the fact that the trust there was made in accordance with a request contained in the will of the decedent's husband. In that case, however, there was involved a trust executed together with a will, forming part of a general scheme for the disposition of the decedent's estate at death. Here there was no such condition. Neither at the time of nor in connection with her execution of the trust in the present case did the decedent make a will. She did not make her will until 11 years after the execution of the trust indenture. The mere fact that under that will the beneficiaries were her children, the same as the beneficiaries under the trust indenture, can not be taken as an indication that the two were part of a general scheme and must be considered as one act. It is only natural that the individuals to whom the decedent would leave her property upon death would be her children, and no particular significance can be attached to this disposition of her estate. *Flick* v. *Commissioner*, 166 Fed. (2d) 733.

The record establishes to our satisfaction that the execution by the decedent of the trust in question was not in contemplation of death, and we have so found.

The second issue goes to the propriety of the inclusion of the trust estate in the gross estate of decedent as a transfer intended to take effect in possession or enjoyment at or after death by reason of the fact that under the trust instrument there exists a remote possibility of reverter by operation of law.

It is not claimed by respondent that the trust corpus is includible in the gross estate by reason of the fact that decedent retained a life interest, since the trust was executed prior to the Joint Resolution of March 3, 1931 (*Hassett* v. *Welch*, 303 U. S. 303). His argument is that the retention of such life interest, together with the possibility of reverter by operation of law, creates such a condition as to require the holding that the death of the grantor was the intended event that passed the trust estate from the dead to the living.

We have had this question and this same theory advanced in a number of cases before this Court. Our conclusion has been consistent that such theory can not be sustained. *Estate of Edward P. Hughes*, 7 T. C. 1348; *Commissioner* v. *Hall's Estate*, 153 Fed. (2d) 172, affirming memorandum opinion of this Court; *Estate of Edward E. Bradley*, 1 T. C. 518; affd., 140 Fed. (2d) 87; *Estate of George W. Hall*, 6 T. C. 933; *Francis Biddle Trust*, 3 T. C. 832; *Estate of Harris Fahnestock*, 4 T C. 1096; and *Estate of Mary B. Hunnewell*, 4 T. C. 1128. We are aware of the decision of the Second Circuit in *Commissioner* v. *Bayne's Estate*, 155 Fed. (2d) 475, which differs from our interpretation of the decisions of the Supreme Court in *Fidelity-*

*Philadelphia Trust Co.* v. *Rothensies*, 324 U. S. 108, and *Commissioner* v. *Field*, 324 U. S. 113. We adhere, however, to our position taken in the cited cases.

It is our conclusion that respondent erred in including the corpus of the trust in decedent's gross estate for estate tax purposes.

Since certain adjustments made by respondent in determining the deficiency here in question are not contested,

*Decision will be entered under Rule 50.*

Reviewed by the Court.

TURNER and MURDOCK *JJ.*, dissent.